UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:13CV-P150-R

GEORGE MARION HARBIN                                                  PLAINTIFF

v.

HOBERT HUDDLESTON *et al.*                                       DEFENDANTS

## MEMORANDUM OPINION

Plaintiff George Marion Harbin filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. Upon review, the Court will allow Plaintiff's denial-of-recreation claims to continue and dismiss his retaliation claim.

## I.

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP). He sues ten KSP personnel in their individual capacities only. Plaintiff is incarcerated in KSP's 7 cellhouse, which he states is a supermax segregation unit. He states that he has been denied "outside recreation for about 10 or 11 months so far and could be without it for another 4 ½ years being that Plaintiff's segregation time doesn't cease until February of 2018." He states that the indoor recreation in 7 cellhouse consists of an "identical cell like the one you live in with the exception of it being completely empty." He describes the indoor recreation as follows:

> You are in complete and total isolation. There is no inmate to inmate interaction and hardly no human contact at all. It's cold and filled with loud echoes. It is fair to say that the Plaintiff is deprived of almost any environmental or sensory stimuli and that 7 cellhouse is highly restrictive in itself without more restrictions.

He contends that he was denied indoor recreation on multiple dates. Plaintiff also states that he

was denied recreation "because of retaliatory behavior by K.S.P. officials." As relief, Plaintiff seeks compensatory and punitive damages and reimbursement of fees and costs.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**III.**

*Retaliation*

Retaliation for the exercise of a constitutional right is itself a violation of the First Amendment actionable under § 1983. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In order to state a retaliation claim, a plaintiff must show that: (1) he engaged in constitutionally protected conduct, (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct, and (3) there is a causal connection

2

between elements (1) and (2), meaning that the adverse action was motivated at least in part by the plaintiff's protected conduct.

Plaintiff alleges that he was denied recreation because of "retaliatory behavior," but nowhere in the complaint or attachments does he allege what was the constitutionally protected conduct he engaged in which caused Defendants to retaliate against him. For this reason, Plaintiff's retaliation claim will be denied for failure to state a claim upon which relief can be granted.

*Recreation*

Upon review, the Court will allow Plaintiff's allegations of denial of outdoor and indoor recreation to continue for further development against all Defendants in their individual capacities. In allowing the claims to go forward, the Court passes no judgment on their ultimate outcome.

**IV.**

For the reasons set forth herein, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Plaintiff's retaliation claim is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Scheduling Order governing the development of the claims that have been permitted to proceed.

Date:

cc: Plaintiff, *pro se*
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.010