UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00150-TBR

GEORGE MARION HARBIN                                        Plaintiff

v.

HOBERT HUDDLESTON, *et al.*                                Defendant

**MEMORANDUM OPINION**

This matter is before the Court upon Defendants' Motion for Summary Judgment. (Docket No. 17.) Noting that Plaintiff George Harbin had not responded, the Court granted Defendants' Motion by Memorandum Opinion and Separate Order on May 22, 2014. (Docket Nos. 18 & 19.) Then on June 13, 2014, Plaintiff filed a Motion requesting an extension of time to respond to Defendants' Motion for Summary Judgment. (Docket No. 20.) Despite that the Court already had granted Defendants summary judgment some three weeks prior, the Court granted Plaintiff's Motion and vacated its May 22 decision. (Docket No. 21.) Plaintiff now has filed what he styles as a "Motion for Reconsideration," which the Court construes as his Response to Defendants' Motion for Summary Judgment. (Docket No. 22.) Accordingly, this matter now is ripe for adjudication. For the following reasons, Defendants' Motion for Summary Judgment will be GRANTED and summary judgment entered in their favor.

BACKGROUND

Plaintiff is an inmate at the Kentucky State Penitentiary (KSP). Plaintiff is incarcerated in KSP's "7 cell house," which he states is a supermax segregation unit.

Plaintiff filed this action against ten KSP personnel in their individual capacities, alleging (1) that he has been denied indoor and outdoor recreation, and (2) that has been denied recreation because of "retaliatory behavior." On initial review pursuant to 28 U.S.C. § 1915A, the Court dismissed Plaintiff's retaliation claim but allowed his claim for denial of indoor and outdoor recreation to proceed. (Docket No. 8.) Defendants now move for summary judgment, arguing that Plaintiff has failed to exhaust his administrative remedies in relation to his remaining claim.

## STANDARD

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Still, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

Additionally, the Court acknowledges that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complainants, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), nor to create a claim for a *pro se* plaintiff, *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

DISCUSSION

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires a prisoner to exhaust all available administrative remedies before commencing an action with respect to prison conditions. § 1997e(a). The United States Supreme Court, interpreting § 1997e, has expressly stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). In order "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Id.* at 218 (citation omitted) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Accordingly, an inmate must demonstrate that he has exhausted all available administrative remedies; when he fails to do so, dismissal of the complaint is appropriate. *E.g.*, *Burden v. Price*, 69 F. App'x 675, 676 (6th Cir. 2003).

At all times pertinent to this action, the Kentucky Department of Corrections (KDOC) has had a set of policies and procedures in place governing inmate grievances. Corrections Policy & Procedure 14.6(I)(J) outlines a four-step process for the filing and

adjudication of inmate grievances. (Docket No. 17-2, at 7-13.) At the first step, an informal resolution attempts to resolve the inmate's properly filed grievance. (Docket No. 17-2, at 7-10.) The policy requires that the initial grievance must be filed within 5 days after the complained-of incident occurs. (Docket No. 17-2, at 8.) If a grievant is dissatisfied after step 1, he may request a review by the Grievance Committee. (Docket No. 17-2, at 10-12.) At this second step, the Grievance Committee reviews the grievance and makes a written recommendation. (Docket No. 17-2, at 10-12.) If a grievant still is dissatisfied, he may appeal the grievance to the Warden at step 3. (Docket No. 17-2, at 12.) Finally, to conclude the process, if the grievant is dissatisfied with the Warden's decision, at step 4 he may appeal to the Commissioner of KDOC. (Docket No. 17-2, at 12-13.) Based on these procedures, Defendants argue that Plaintiff failed to exhaust his administrative remedies for his remaining claim.

Plaintiff attached as exhibits to his initial Complaint three grievances submitted in relation to his denial-of-recreation claim: (1) Grievance No. 13-07-045-G, filed July 18, 2013, (Docket No. 1-1, at 1-2); (2) Grievance No. 13-07-049-R, filed July 23, 2013, (Docket No. 1-2); and (3) Grievance No. 13-08-012-G, filed August 6, 2013, (Docket No. 1-3). Though not perfectly clear, it appears that the first grievance was appealed to the Grievance Committee, (*see* Docket No. 1-1, at 3), and then to the Warden, (*see* Docket No. 1-4). However, there is nothing in the record to indicate that Plaintiff completed the process by appealing the Warden's decision to the Commissioner. Thus, the Court finds that Plaintiff at best proceeded through step 3 on Grievance No. 13-07-045-G but did not fully exhaust the administrative remedies available to him.

In regard to the second grievance, there is nothing to indicate that Plaintiff proceeded past step 1 in regard to Grievance No. 13-07-049-R. As such, the Court finds that Plaintiff failed to exhaust his available administrative remedies with respect to this grievance.

Lastly, in regard to the third grievance, Grievance No. 13-08-012-G, Plaintiff has submitted documentation showing that this grievance was denied at step 1 on August 13, 2013. (Docket No. 22-1, at 4.) Plaintiff also has submitted documentation that appears to show that he wrote to the Warden sometime in March 2014 claiming that he never received a response.[1] (*See* Docket No. 22-1, at 1-3.) Plaintiff received a written response to that correspondence in a memorandum letter from the grievance coordinator dated March 31, 2014, which again informed Plaintiff that this grievance had been rejected. (Docket No. 22-1, at 1.) But even assuming this correspondence could be construed as Plaintiff having appealed to the Warden, there is nothing in the record to indicate that Plaintiff properly appealed the rejection of Grievance No. 13-08-012-G through the four-step process—specifically, there is nothing to indicate that Plaintiff appealed this grievance to the Grievance Committee at step 2 or to the Commissioner at step 3. Thus, the Court finds that Plaintiff did not fully exhaust his available administrative remedies in regard to Grievance No. 13-08-012-G.

In further support of their Motion, Defendants have submitted the affidavit of Mr. John Dunn, the KDOC Ombudsman. (Docket No. 17-1.) Mr. Dunn states that

---

[1] Plaintiff's claim that he still had not received a response to Grievance No. 13-08-012-G in March 2014 is belied by the fact that he attached a copy of that rejected grievance to his Complaint, which was filed on September 3, 2013. (*See* Docket No. 1-3.)

Plaintiff appealed three other grievances[2] through the four-step process between July 24, 2012, and September 3, 2013. (Docket No. 17-1, at 1.) None of those three grievances, however, concern recreation time, outside recreation, or Plaintiff's housing. (Docket No. 17-1, at 1.)

Based on its review of the record here, the Court finds that Plaintiff failed to exhaust all available administrative remedies before commencing this action. It is clear that Plaintiff was aware of the exhaustion requirement and of the process for exhausting his remedies, as he appears to have done so with three separate grievances during or before the time span as when his three recreation-related grievances were filed. Because Plaintiff failed to exhaust his available administrative remedies as required by § 1997e(a) prior to filing this action, Defendants are entitled to summary judgment on Plaintiff's remaining claim.

## CONCLUSION

For the foregoing reasons, the Court will GRANT Defendant's Motion for Summary Judgment. An appropriate Order will issue concurrently with this Opinion.

Date:


cc: Plaintiff George Marion Harbin, *pro se*
      Counsel for Defendants

---

[2] Those three Grievances are Grievance Nos. 12-05-033-G (concerning a claim that an officer had lost documents belonging to Plaintiff), 13-03-086-G (concerning a claim that an officer grabbed Plaintiff's arm, causing bruising), and 13-06-034 (concerning a claim that an officer made a racist remark toward Plaintiff). (Docket No. 17-1, at 1.)